IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION – BOSTON

| | |
|---|---|
| **CHERLY ST. LOUIS,** | Civil Case Number: |
| **Plaintiff,** | |
| -v- | **CIVIL ACTION** |
| **EQUIFAX INFORMATION SERVICES, LLC, and WELLS FARGO DEALER SERVICES,** | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| **Defendants.** | |

## INTRODUCTION

1. Plaintiff, CHERLY ST. LOUIS, a Massachusetts resident, brings this action under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. (the "FCRA") alleging that Defendant WELLS FARGO DEALER SERVICES (hereinafter "Wells Fargo" or "Furnisher") has negligently and recklessly disseminated false information regarding the Plaintiff's credit.

2. Plaintiff further alleges that one of the largest consumer credit reporting agencies, Equifax ("CRA"), failed to follow reasonable procedures to ensure maximum accuracy of credit reports they prepared concerning Plaintiff and failed to investigate credit report inaccuracies in response to Plaintiff's disputes.

3. Plaintiff seeks statutory, actual, and punitive damages, along with injunctive and declaratory relief, and attorneys' fees and costs.

## JURISDICTION

4. The Court has jurisdiction over this action under 28 U.S.C. § 1331, 15 U.S.C. § 1681, *et seq.*, and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

5. All defendants regularly conduct business within the state of Massachusetts and violated Plaintiff's rights under the FCRA in the state of Massachusetts as alleged more fully below.

6. Venue is proper this district under 28 U.S.C. 1391(b) because Plaintiff resides in this district, Defendants conduct business in this district, and communications giving rise to this action occurred in this district.

## PARTIES

7. Plaintiff, Cherly St. Louis ("Plaintiff"), is a resident of Suffolk County in the State of Massachusetts and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

8. Defendant Equifax Information Services, LLC is one of the largest credit reporting agencies in the United States and is engaged in the business of assembling and disseminating credit reports concerning hundreds of millions of consumers. Equifax is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) of the FCRA, and is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d)(1) of the FCRA, to third parties.

9. Equifax's principal place of business is 1550 Peach Tree Street, N.W., Atlanta, GA 30309.

10. Defendant Wells Fargo Dealer Services is a financial institution with its principal office located at 101 North Phillips Avenue, Sioux Falls, South Dakota 57104.

## FACTUAL ALLEGATIONS

11. Sometime in June of 2021, Plaintiff noticed that Equifax was reporting a WELLS FARGO DEALER SERVICES tradeline on her credit report with a zero balance and an account status of "not more than two payments" past due.

12. The reporting of an account that has been closed or transferred with a zero balance and a late payment status is inconsistent with the industry standard.

13. The payment status field is specifically designed to be understood as the current payment status of the account. As such, the credit scoring algorithms specifically take this data field into account when calculating and generating a credit score.

14. This reporting was materially misleading because it conveyed that Plaintiff was currently delinquent on payments when that was not the case.

15. As a result, Plaintiff's credit score is negatively impacted because the credit report is being interpreted to mean that Plaintiff is currently late, despite the fact that they have a zero balance and zero monthly obligations.

16. A lower credit score hurts consumer's creditworthiness because lenders have different tiers of risk, and a consumer with a lower credit score will often be placed into a lower tier. This can cause consumers, like the Plaintiff to be denied credit or to receive credit at a more expensive cost.

17. Plaintiff, realizing the inherent contradiction of being marked late while no balances existed, sent dispute letters on or around June 3, 2021, directly to Defendant Equifax. In his dispute letter Plaintiff noted the inconsistency, requested that an investigation be

conducted, and that the inaccurate information be updated.

18. Upon receipt of the dispute letters, the credit bureau Equifax notified the Furnisher of Plaintiff's dispute.

19. Instead of conducting a reasonable investigation, the Defendants verified the accounts as accurate and have continued to report the negative information, causing the Plaintiff harm.

20. Plaintiff has been forced to deal with the aggravation, humiliation, and embarrassment of a lower credit score, as a result of Defendants' conduct.

21. At all times pertinent hereto, Equifax's conduct was willful, and carried out in reckless disregard for a consumer's rights as set forth under section 1681s and 1681i of the FCRA.

## COUNT I
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681i
## AGAINST EQUIFAX

22. All preceding paragraphs are realleged.

23. At all times pertinent hereto, Equifax was a "consumer reporting agency" ("CRA") as that term is defined by 15 U.S.C. § 1681a(c).

24. The FCRA provides that if a CRA conducts an investigation of disputed information and confirms that the information is, in fact, inaccurate, or is unable to verify the accuracy of the disputed information, the CRA is required to delete that information from the consumer's file. *See* 15 U.S.C. § 1681i(a)(5)(A).

25. Plaintiff initiated a dispute with Equifax requesting that they correct specific items in her credit file that are patently inaccurate and damaging to her.

26. Equifax, after either conducting no investigation or failing to conduct a reasonable

investigation, verified the inaccurate items on his credit file, something that any basic investigation would have prevented.

27. As a direct and proximate result of Defendant Equifax's willful and/or negligent refusal to conduct a reasonable investigation as mandated by the FCRA, Plaintiff has been harmed, as explained above.

## COUNT II
## FAILURE TO ASSURE MAXIMUM POSSIBLE ACCURACY
## 15 U.S.C. § 1681e(b)
## AGAINST EQUIFAX

28. All preceding paragraphs are realleged.

29. Section 1681e(b) of the FCRA requires that, "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

30. Were Equifax to follow procedures to assure maximum possible accuracy of the credit report it prepares concerning Plaintiff; it would have removed the inaccurate information being reported on the Plaintiff's credit report.

31. As a direct and proximate result of Equifax's willful and/or negligent failure to follow procedures to assure maximum possible accuracy of the information it reports, Plaintiff has been harmed, as explained above.

## COUNT III
## FAILURE TO INVESTIGATE DISPUTE
## FCRA 15 USC § 1681s-2(b)
## AGAINST WELLS FARGO DEALER SERVICES

32. All preceding paragraphs are re-alleged.

33. Furnishers of credit information have a duty under the FCRA to investigate disputes from

consumers as to the accuracy of information being reported.

34. Plaintiff submitted a written dispute to Equifax disputing the accuracy of the account being reported by WELLS FARGO.

35. The Furnisher, WELLS FARGO, received Plaintiff's dispute.

36. The Furnisher was obligated, pursuant to section 1681s-2(b) of the FCRA to conduct a complete and thorough investigation with respect to Plaintiff's dispute.

37. The Furnisher failed to reasonably investigate Plaintiff's dispute. Indeed, the Furnisher knew that the account had a $0 balance but continued to report the negative information on her report anyway.

38. Even after the Plaintiff properly disputed the account with Equifax, WELLS FARGO refused to conduct a reasonable investigation and continued inaccurately reporting this account on her credit reports.

39. WELLS FARGO's conduct violated section 1681s-2(b) of the FCRA, causing Plaintiff harm.

## DEMAND FOR TRIAL BY JURY

40. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demand judgment against Defendants as follows:

A. Awarding Plaintiff actual damages;

B. Awarding Plaintiff statutory damages;

C. Awarding Plaintiff punitive damages;

D. Awarding Plaintiff the costs of this action and reasonable attorneys' fees and expenses;

E.  Awarding pre-judgment interest and post-judgment interest;

F.  A declaration that Defendants' conduct alleged herein is unlawful, as set forth more fully above;

G.  Equitable relief, enjoining Defendants from engaging in the unjust and unlawful conduct alleged herein; and

H.  Awarding Plaintiff such other and further relief as this Court may deem just and proper.

Dated: February 17, 2022

By: /s/ Kevin Crick
Kevin Crick, Esq.
BBO: 680950
Rights Protection Law Group, PLLC
100 Cambridge Street, Suite 1400
Boston, MA 02114
Phone: (617) 340-9225
k.crick@rightsprotect.com

/s/ Yitzchak Zelman
Yitzchak Zelman, Esq.
MARCUS & ZELMAN, LLC
701 Cookman Avenue, Suite 300
Asbury Park, New Jersey 07712
(732) 695-3282 telephone
yzelman@marcuszelman.com
Pro Hac Vice Motion To Be Filed
*Attorneys for Plaintiff*